JOAQUÍN MENÉNDEZ, Plaintiff and Appellant, v. ENRIQUE DE LA FUENTE, Defendant and Appellee.

No. 3391. Argued January 29, 1925.—Decided June 19, 1925.

CONTRACT—INTERPRETATION.—When the terms of a written contract are clear it speaks for itself, according to section 25 of the Law of Evidence, and no circumstantial interpretation of it is necessary.

First District Court of San Juan, Charles E. Foote, J. Judgment for the defendant in an action on a contract. *Reversed and substituted.*

*Jacinto Texidor* for the appellant. *Henry G. Molina* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 28, 1919, Joaquín Menéndez, Enrique de la Fuente and Juan de Arana executed a deed dissolving the mercantile partnership formed by them in the year 1916 under the name of J. Menéndez & Co. and declaring that in

accordance with their agreement partners Menéndez and Arana were retiring from all interest and participation in the firm; that their respective accounts of capital and profits had been liquidated; that Menéndez was being paid his share by the allotment to him of the store called ''El Gallo de Oro'' belonging to the firm, together with certain merchandise; that Arana assigned his interest to Enrique de la Fuente under certain conditions of payment and therefore Fuente became the sole owner of the assets and property of the firm and assumèd the payment of its liabilities and outstanding obligations, he undertaking to carry out its liquidation in the manner and form convenient to him without the intervention of his former partners.

Some time after the execution of that deed the Treasurer of Porto Rico demanded payment of the sum of $3,281.01 as taxes on the profits of the said firm of J. Menéndez & Co. for the year 1918, and when he was about to attach the store called ''El Gallo de Oro'' belonging to Joaquín Menéndez the owner paid the said sum and brought this action against Enrique de la Fuente to recover the said sum on the ground that Fuente was bound for its payment because he assumed the liabilities of the firm knowing that the said taxes were due.

The defendant answered that although he assumed the liabilities of the firm he was not under the obligation to pay the whole sum because it was not taken into account in the liquidation of the respective assets of the partners; that the intention of the contracting parties in the deed of June 28, 1919, was that he should pay only the liabilities listed in a balance struck a few days before its execution and in which the taxes were not included, and that the said taxes were not entered in the books of the firm. In a counter-complaint he alleged that he had paid the sum of $4,901.91 as similar taxes corresponding to the year ending in May, 1919, and that Juan de Arana was insolvent and absent from Porto Rico, for which reasons he prayed

that Joaquín Menéndez be adjudged to pay to him the sum of $810.45 as the difference between the two amounts.

The district court adjudged that Joaquín Menéndez pay to Enrique de la Fuente the said difference of $810.45 without costs, and in the appeal taken from that judgment by the plaintiff he alleges that the terms of the contract contained in the deed of June 28, 1919, are clear; that in accordance with them the defendant was bound to pay the taxes because he assumed the liabilities of the firm, and that no evidence should have been admitted tending to prove acts prior to the contract, that is, the balance struck by the partners on June 20, 1919, nor the books of the firm in order to show whether the said taxes were included in the liabilities.

According to the deed Menéndez received his profits and Arana assigned his to Enrique de la Fuente, who became the sole owner of the assets and agreed to pay the liabilities unconditionally, the outgoing partners being barred from any subsequent intervention in the liquidation of the firm. In our opinion these conditions are clear; therefore, in accordance with section 1248 of the Civil Code, in order to determine the intention of the contracting parties the literal sense of the stipulations of the contract should be observed. Inasmuch as Enrique de la Fuente accepted the obligation of paying the liabilities and as the taxes in question were due by law, they form a part of the debts of the firm and of its liabilities and the defendant is bound to pay them to the exclusion of the other partners.

The terms of that contract being clear, it was not necessary to consider the circumstances under which it was entered into for the purpose of its interpretation. The statute applicable is section 25 of the Law of Evidence (Comp. sec. 1393) and not section 28 (Comp. sec. 1396). Section 25 provides that when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and, therefore,

there can be between the parties no evidence of the terms of the agreement other than the contents of the writing, with certain exceptions which have no bearing on this case.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another sustaining the complaint and dismissing the counter-complaint, without special imposition of costs.